In the Matter of the Arbitration between WOLFF & MUNIER, INC., Appellant, and DIESEL CONSTRUCTION COMPANY et al., Respondents.— Judgment (erroneously denominated an order), Supreme Court, New York County, entered on September 19, 1972, granting the petition to confirm an arbitration award dated May 11, 1972, and to vacate a modification and clarification thereof by award dated July 12, 1972, and denying the cross application to confirm both awards, unanimously modified, on the law, the petition denied, the award dated May 11, 1972 vacated *pro tanto* as hereinafter indicated, and the matter remanded to the orginal arbitrators in accordance with this memorandum. Except as so modified the judgment is affirmed, without costs and without disbursements. The award of July 12, 1972 was properly vacated. After they rendered the original award on May 11, 1972, the arbitrators were *functus officio* except for the purpose of entertaining an application, made within 20 days, to correct a deficiency of form or a miscalculation of figures or to eliminate matter not submitted. (CPLR 7509, 7511, subd. [c].) But, in their July 12, 1972 award, the arbitrators expressly changed the substance of their original determination; they embraced items not covered in the earlier award; they derived a figure that cannot be calculated from the May 11 award. The original award itself, however, should not have been confirmed. It is not a final and definite award on the subject matter submitted. (CPLR 7511, subd. [b], par. 1, cl. [iii].) The award disposes imperfectly of two out of eight issues specified in the submission. First, and still a matter of bitter controversy, the disposition of $138,500 for two specified "B" orders duplicates an earlier award made informally by one of the arbitrators which petitioners (erroneously denominated below as respondents) contend was paid. If so, the award of May 11, 1972, may reasonably be interpreted as the embodiment of the earlier informal disposition. In that case, the arbitrators may have intended that petitioners be given credit for the alleged payment. The appellant contends that the item has not been paid. The award does not settle the dispute. Secondly, the parties were impelled to arbitration, in the first instance, because of a controversy over the manner of progress payments for appellant's work. They asked the arbitrators to fix a payment schedule "in fixed dollar amounts and dates of payment, and/or completion status." Instead, the arbitrators remitted the parties to the terms of the very contract that had engendered their dispute. The arbitrators having failed to fully execute the powers conferred upon them by the arbitration agreement as above indicated, their award does not satisfy the requirements of law and should be set aside to that extent. "It has been held that where part of an award which is void,

is not so connected with the rest as to affect the justice of the case, the award is void only *pro tanto.*" (*Herbst* v. *Hagenaers*, 137 N. Y. 290, 296.) Settle order on notice including provisions delimiting the two issues, above described, requiring a final and definite award. Concur — McGivern, J. P., Nunez, Murphy, Capozzoli and Macken, JJ.