■ LINDENHURST FABRICATORS, INC., Respondent, v IRON WORKERS LOCAL 580, on Behalf of IRON WORKERS LOCAL 580 JOINT FUNDS, Appellant. [614 NYS2d 415] —Judgment, Supreme Court, Suffolk County (William L. Underwood, Jr., J.), entered February 14, 1992, which granted petitioner-respondent's motion pursuant to CPLR 7511 (b) to vacate and set aside an arbitrator's award dated July 29, 1991, which concluded that petitioner had failed or neglected to make required contributions to the Local 580 Joint Funds in the principal sum of $29,501.80 plus $2,176.26 in interest, and denied respondent-appellant's cross-motion pursuant to CPLR 7510 to confirm the award in its favor, unanimously reversed, on the law, petitioner's motion denied, respondent-appellant's cross-motion granted and the arbitrator's award confirmed, with costs.

Petitioner's handwriting expert testified that the two documents offered by respondent to prove the parties' contractual obligation to arbitrate the underlying dispute, regarding petitioner's obligation to make contributions to the union's employee benefits funds for non-union members employed by petitioner, were forgeries. Petitioner's president also testified that he had never seen, signed or authorized anyone to sign either document on his behalf. As to the third document which was admitted into evidence "for what it's worth" over petitioner's objection and without sufficient time for petitioner's expert to examine it, petitioner's president denied signing it but acknowledged that the signature thereon "looked like" and was "close to" his signature. Petitioner's expert conjectured that the signature looked like a forgery by simulation, although conceding that it was similar to that of petitioner's president, but stated that he could not express an opinion without a thorough examination.

Under these circumstances, it was error for the IAS Court to vacate the arbitrator's award due to his alleged "misconduct" in having admitted the third document into evidence and relying upon it in his well reasoned, twenty page award in respondent's favor. In so ruling, the court improperly substituted its judgment for that of the arbitrator inasmuch as questions regarding the admissibility of evidence, even if the

admission thereof constitutes a mistake of law, are insufficient grounds to vacate an arbitration award *(see, Matter of Adelstein v Ortiz Funeral Home Corp.,* 75 AD2d 529, 530, *affd* 52 NY2d 997).

We note that at no time during the proceedings did petitioner ever question the forum, move for a stay of arbitration or seek an adjournment to permit its expert to conduct a more thorough examination of the third document. In addition, no stenographic record of the arbitration proceedings was ever sought or produced.

In any event, petitioner waived its jurisdictional claim that it was not bound to arbitrate the merits of the benefit fund delinquency dispute between the parties by actively participating in the selection of the arbitrator and presenting witnesses and extensive evidence rather than seeking a stay of proceedings pursuant to CPLR 7503 (b). Concur—Rosenberger, J. P., Kupferman, Rubin and Williams, JJ.