■ ALBERT CHENG, M.D., Plaintiffs, and ROBERT SCHER, M.D., Appellant, v OXFORD HEALTH PLANS, INC., et al., Respondents. [846 NYS2d 16]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about December 5, 2006, which granted defendants' motion to vacate the Clause Construction Award dated March 7, 2006, pursuant to which an American Arbitration Association panel had found that the parties' arbitration clause permitted class arbitration, and remanded to the panel for further proceedings, unanimously reversed, on the law, with costs, the motion denied and the award reinstated.

Even beyond the grounds set forth in the Federal Arbitration Act (9 USC § 10 [a])—whose standard, the parties agree, governs our judicial review—a trial court may vacate an arbitration award "if it exhibits a 'manifest disregard of law' " (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 480 [2006], *cert dismissed* — US —, 127 S Ct 34 [2006]). A court may find an award to be in manifest disregard of the law if the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and that legal principle was well defined, explicit and clearly applicable to the case (6 NY3d at 481; *see Folkways Music Publs., Inc. v Weiss*, 989 F2d 108, 112 [2d Cir 1993]). But the "manifest disregard" standard rarely results in vacatur because it is limited to those "rare occurrences of apparent 'egregious impropriety' on the part of the arbitrators" (*Wien & Malkin*, 6 NY3d at 480), which requires "more than a simple error in law or a failure by the arbitrators to understand or apply it;" in other words, it must be "more than an erroneous interpretation of the law" (*Duferco Intl. Steel Trading v T. Klaveness Shipping A/S*, 333 F3d 383, 389 [2d Cir 2003]).

Here, the panel's majority did not state certain law as controlling and then deliberately ignore it, but instead, after analyzing case law offered by both sides (including *Flynn v Labor Ready*, 6 AD3d 492 [2004] and *Harris v Shearson Hayden Stone*, 82 AD2d 87 [1981], *affd* 56 NY2d 627 [1982]), concluded that defendants could not successfully demonstrate that New York law prohibited class arbitrations under this 1998 agreement that predated *Green Tree Financial Corp. v Bazzle* (539 US 444 [2003]). The court did point to case law prohibiting class arbitrations in 1998, but even if this had constituted an error or mistake of law on the part of the majority arbitrators, such an error does not reach the level of manifest disregard to justify

vacatur (*Wien & Malkin*, 6 NY3d at 481; *see e.g. Westerbeke Corp. v Daihatsu Motor Co., Ltd.*, 304 F3d 200, 217 [2d Cir 2002]; *Collins & Aikman Floor Coverings Corp. v Froehlich*, 736 F Supp 480, 487 [SD NY 1990]). Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and Kavanagh, JJ.