Matter of Franco v Dweck (2018 NY Slip Op 07068)





Matter of Franco v Dweck


2018 NY Slip Op 07068


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Sweeny, J.P., Gische, Tom, Mazzarelli, Kern, JJ.


654589/16 7441 7440 7439 7438

[*1]In re Jack R. Franco, et al., Petitioners-Respondents,
v
Murray Dweck, et al., Respondents-Appellants.


Wachtel Missry LLP, New York (Howard Kleinhendler of counsel), for appellants.
Oved & Oved LLP, New York (Andrew Urgenson of counsel), for respondents.



Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 9, 2016, upon a partial final arbitration award in petitioners' favor, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered November 4, 2016, which granted the petition to confirm the award and denied respondents' motion to vacate the award, unanimously dismissed, without costs, as subsumed in the appeal from the November 9, 2016 judgment. Judgment, same court and Justice, entered June 21, 2017, upon a final arbitration award of attorneys' fees to petitioners, unanimously affirmed, with costs.
As petitioners correctly argue, respondents' compliance with the partial final arbitration award's mandatory injunction to consent to refinancing the mortgage on the building, without so much as seeking a stay of its enforcement, renders moot their appeal from that part of the confirmation of the award (see Garner v Agiovlasitis, 287 AD2d 387 [1st Dept 2001]).
Were we to reach the issue, we would find that the use of the term "commercially reasonable" in the mandatory injunction does not render the award "so imperfectly executed that a final and definite award upon the subject matter submitted was not made" (CPLR 7511[b][1][iii]). Given that petitioner RJF 110 Realty LLC (the LLC) would have to return to the market to obtain the refinancing and that it was not possible for the arbitrator to know with any certainty the actual terms of any refinancing the LLC might obtain, it was both proper and practical for the arbitrator to describe respondents' obligation under the injunction in these terms (see Matter of Meisels v Uhr, 79 NY2d 526, 536 [1992]).
Respondents also waived their objections to the scope of the arbitration, both by accepting, through their agreements to arbitrate, the rules of the American Arbitration Association (see Contec Corp. v Remote Solution Co., Ltd., 398 F3d 205, 208 [2d Cir 2005]) and by their full participation, through post-hearing briefing, in the arbitration (see Lindenhurst Fabricators v Iron Workers Local 580, 206 AD2d 282, 283 [1st Dept 1994], lv denied 84 NY2d 809 [1994]).
Even if not waived, respondents' contention that petitioners failed to comply with a precondition to arbitrability is without merit. The condition relied upon by respondents is in a provision of the agreement dealing with a different type of dispute. Under the LLC's operating agreement, petitioners complied with the necessary preconditions.
Respondents' contention that the arbitrator adjudicated the rights of third parties is also without merit. The arbitrator found that, as expressly stated in each of the corporate agreements, respondents were required to make provision in their wills to transfer their interests to their daughter Laurie, and that respondents were working to thwart this requirement. This was an adjudication of respondents' obligations to petitioners, not of Laurie's rights. Notably, no relief was awarded concerning Laurie.
The arbitrator's refusal to dissolve the corporate entities was not irrational or in manifest disregard of the law (see Matter of Spear, Leeds & Kellogg v Bullseye Sec., 291 AD2d 255, 256 [1st Dept 2002]; Cheng v Oxford Health Plans, Inc., 45 AD3d 356 [1st Dept 2007]). It was based upon a finding that the entities, with the exception of the need to refinance, had operated successfully despite the alleged acrimony for 12 years, and upon a full and careful analysis of the relevant New York law.
Respondents' allegations of the arbitrator's partiality are insufficient to meet the heavy burden of establishing that ground for vacatur, as they consist mainly of assertions that the arbitrator's findings of fact and law were wrong (see Muriel Siebert & Co. v Ponmany, 190 AD2d 544 [1st Dept 1993]).
Contrary to respondents' contention, the final award did not run afoul of the doctrine of functus officio, which precludes an arbitrator from altering in substance a prior award (see Matter of Wolff & Munier [Diesel Constr. Co.], 41 AD2d 618 [1st Dept 1973]). As the partial final award expressly reserved the issue of attorneys' fees, it cannot bar a subsequent award of those fees (see Shimon v Silberman, 26 Misc 3d 910, 914-915 [Sup Ct, Kings County 2009]). Moreover, there was no conflict between the final award, which provided for fees "incurred" and the partial final award; contrary to respondents' contention, fees are "incurred" when a party becomes liable for them, not when they are actually paid (see PremiereTrade Forex, LLC v FXDirectDealer, LLC, 2013 WL 2111286, *5, 2013 US Dist LEXIS 70241, *15 [SD NY 2013]). Nor did the arbitrator exceed his contractual authority. As indicated, in determining the fees, he properly considered those "incurred," rather than those paid.
Respondents' attacks on the "reasonableness" of the fee award are unavailing in light of the limited standard of judicial review of arbitral awards (see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999]). Given the arbitrator's review of the biographies of the lawyers who worked on the matter, their hourly rates, and their time entries, it cannot be said that there was no plausible basis for the award (see Matter of Brown & Williamson Tobacco Corp. v Chesley, 7 AD3d 368, 372 [1st Dept 2004]). For the same reasons, the final award was not "irrational" (see Sweeney v Herman Mgt., 85 AD2d 34, 38 [1st Dept 1982]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK