Sunita Prasad, Petitioner-Respondent, 
against
Todd Spodek, Esq., Respondent-Appellant.




Respondent Todd Spodek, Esq. appeals from a judgment of the Civil Court of the City of New York, New York County (Joan M. Kenney, J.), entered February 11, 2019 in favor of petitioner and awarding her the principal sum of $4,999, upon a prior order and judgment (one paper) denying respondent's application to vacate an arbitration award in favor of petitioner and confirming the award.




Per Curiam.
Judgment (Joan M. Kenney, J.), entered on or about February 11, 2019, affirmed, with $25 costs.
Although we do not agree that respondent's application to vacate the arbitrator's award was untimely (see CPLR 7511[a]), Civil Court nevertheless properly denied it on the merits. Respondent failed to satisfy his heavy burden of establishing by clear and convincing evidence (see Matter of Denaro v Cruz, 115 AD3d 742, 743 [2014]) that the fee dispute arbitration award should be vacated pursuant to CPLR 7511(b)(1)(i) based upon the arbitrator's refusal to consider certain hearsay testimony from respondent's paralegal.
As a general proposition, we agree that an arbitrator's unreasonable exclusion of pertinent evidence can justify vacating an award (see Matter of Professional Staff Congress/City Univ. of NY v Board of Higher Educ. of City of NY, 39 NY2d 319, 323 [1976]). It is also correct that an arbitrator is not bound by the rules of evidence and can consider hearsay (see 22 NYCRR 137.7[b]; see also Matter of Donald & Co. Secs. (Jones), 270 AD2d 56 [2000]). However, it does not follow from these propositions that an arbitrator is precluded from excluding hearsay evidence and that such preclusion constitutes misconduct (see generally Matter of Brill [Muller Bros.], 17 AD2d 804 [1962], affd 13 NY2d 776 [1963], cert den 376 US 927 [1964]; Lindenhurst Fabricators v Iron Workers Local 580, 206 AD2d 282 [1994], lv denied 84 NY2d 809 [1994]).
In this particular case, the arbitrator's refusal to consider the testimony from respondent's paralegal that was "based on his conversations with" respondent, did not constitute misconduct. [*2]So far as appears, there was no good reason for respondent to rely upon hearsay evidence. Appellant could have presented relevant evidence, unencumbered by any hearsay objection, by testifying on his own behalf as to the reasonableness of the fee or submitting "testimony and exhibits by written declaration under penalty of perjury" as permitted by the Rules of the Chief Administrator (22 NYCRR § 137.6[i]). Respondent does not explain why he did not personally appear at the arbitration or submit evidence by written declaration as permitted by the Rule 137.6(i). In addition, the hearsay nature of the evidence sought to be adduced would have been unfairly prejudicial to petitioner because it would have deprived her of effective cross examination (see CPLR 7506[c]; see also LJL 33rd St. Assocs., LLC v. Pitcairn Props. Inc., 725 F3d 184, 194-195 [2013], cert denied 572 US 1114 [2014]).
Moreover, Rule 137.7(d) states in part that "[t]he burden shall be on the attorney to prove the reasonableness of the fee by a preponderance of the evidence and to present documentation of the work performed and billing history." In light of the fact that the paralegal was unqualified to testify as to necessity and reasonableness of the fees, the paralegal's hearsay testimony would not have been competent proof or material evidence. In the circumstances, respondent has not shown that the arbitrator's refusal to consider the paralegal's testimony constituted an abuse of discretion sufficient to vacate the award.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 02, 2019