| Levine v New York City Dept. of Educ. |
|---|
| 2025 NY Slip Op 32340(U) |
| July 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 100647/2024 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. NICHOLAS W. MOYNE**

*Justice*

| | |
|---|---|
| PART | 41M |

------------------------------------------------------------------------------X

NEAL DAVID LEVINE,

Petitioner,

- v -

NEW YORK CITY DEPARTMENT OF EDUCATION, DAVID
C. BANKS

Respondent.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 100647/2024 |
| MOTION DATE | 10/02/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24

were read on this motion to/for       VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Upon the foregoing documents, it is

Petitioner Neal David Levine ("Petitioner") brings this special proceeding pursuant to Article 75 of the Civil Practice Law and Rules (CPLR) and Education Law § 3020-a, seeking an order vacating the Opinion and Award (the "Award") of Hearing Officer Chris M. Kwok ("HO Kwok"), dated May 31, 2024. Respondents, the New York City Department of Education ("DOE") and David C. Banks, Chancellor of the New York City Department of Education, cross-move to dismiss the Verified Amended Petition in its entirety and to confirm HO Kwok's Award. For the reasons set forth below, Petitioner's application to vacate the Award is denied, and Respondents' cross-motion to dismiss the petition and confirm the Award is granted.

**Procedural and Factual Background**

Petitioner, a tenured teacher currently employed by the DOE, was assigned to P.S. 194 Countee Cullen since September 2017. On December 11, 2020, the DOE commenced disciplinary charges against Mr. Levine pursuant to Education Law § 3020-a. The charges included two specifications: Specification 1, containing six sub-specifications alleging failure to properly plan and execute lessons across the 2017-2018, 2018-2019, and 2019-2020 school years; and Specification 2, concerning a failure to implement directives and recommendations for pedagogical improvement and professional development. The DOE sought Mr. Levine's termination based on these charges.

A pre-hearing conference was held on February 11, 2021, by Hearing Officer Mark Adelman. Subsequently, HO Kwok was appointed in March 2023. Full evidentiary hearings were conducted before HO Kwok via Zoom on eight dates: May 31, June 5, 7, 12, 26, July 12, 13, and August 3, 2023. Both parties were afforded a full opportunity to present evidence,

100647/2024   LEVINE, NEAL DAVID vs. NEW YORK CITY DEPARTMENT OF EDUCATION; AND
DAVID C. BANKS, CHANCELLOR OF NEW YORK CITY DEPARTMENT OF EDUCATION
Motion No.  002

Page 1 of 7

1 of 7

[* 1]

examine and cross-examine witnesses, and submit arguments. The DOE called five witnesses, including Principal Kerrianne Harrison, Assistant Principal Colleen Cornwall Lewis, and Peer Independent Evaluator Jacquelyn Leitner. Petitioner called two witnesses, including himself and Stephanie Perez, the Chapter Leader for PS 194.

On May 31, 2024, HO Kwok issued an 18-page Opinion and Award. HO Kwok found Petitioner guilty of three sub-specifications under Specification 1: sub-specifications 1(b), 1(c), and 1(d). These findings related to Petitioner's failure to properly, adequately, and/or effectively plan and/or execute lessons during the 2018-2019 school year. HO Kwok found Principal Harrison's testimony to be "credible and consistent" in substantiating these charges. For Specification 1(a), 1(e), and 1(f), HO Kwok found that the DOE did not carry its burden of proof.

Regarding Specification 2, HO Kwok did not make an explicit determination. However, in determining the overall outcome, HO Kwok noted that while he found Petitioner "incompetent," he also found a "reasonable expectation of remediation". HO Kwok concluded that Petitioner was "open to change and development" and that his behavior could be remediated. As a result, HO Kwok rejected the DOE's recommendation of termination, opting instead for a monetary fine equal to two months' salary (approximately $25,800.00) and an order for Petitioner to attend remedial training at the DOE's direction.

Petitioner now seeks to vacate the Award, asserting that: (1) the Award was not final and definite due to the lack of an explicit determination on Specification 2; (2) HO Kwok's findings were arbitrary and capricious, lacking rational and evidentiary support; and (3) the imposed penalty was excessive and shocks the conscience. Respondents contend that the Award was rational, supported by the evidence, final and definite, and that the penalty was not excessive.

**Standard of Review**

Judicial review of a hearing officer's award under Education Law § 3020-a(5) is "extremely limited" and conducted pursuant to CPLR 7511 (*see Lackow v Dept of Educ.*, 51 AD3d 563, 567 [1st Dept 2008]). However, where arbitration is compulsory, as it is here under Education Law § 3020-a, the standard of judicial scrutiny is stricter than for consensual arbitration awards. (*see Caso v Coffey*, 41 NY2d 153, 156 [1976]; *Lackow*, 51 AD3d at 567). Under this stricter standard, the award must be in "accord with due process and supported by adequate evidence and must also be rational and satisfy the arbitrary and capricious standards of CPLR Article 78" (*Lackow*, 51 AD3d at 567).

Despite this enhanced scrutiny, the scope of review remains highly deferential (*see Matter of New York City Tr. Auth. v Tr. Workers' Union of Am. Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]). An arbitration award must be upheld if the arbitrator offers "even a barely colorable justification" for the outcome reached. (*Wein & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479-80 [2006]) Courts may not disturb an award even if the arbitrator misapplies substantive rules of law, "unless it is violative of a strong public policy, is totally irrational, or exceeds a specifically enumerated limitation on [the arbitrator's] power." (*Hegarty v Bd. Of Educ.*, 5 AD3d 771, 773 [2d Dept 2004]). Consistent with this extremely limited scope of

**100647/2024   LEVINE, NEAL DAVID vs. NEW YORK CITY DEPARTMENT OF EDUCATION; AND**   **Page 2 of 7**
**DAVID C. BANKS, CHANCELLOR OF NEW YORK CITY DEPARTMENT OF EDUCATION**
**Motion No.  002**

2 of 7

[* 2]

review, a court many not set aside an arbitrator's award even where the arbitrator has made errors of law or fact (*see Hackett v Milbank, Tweed, Hadley &* McCloy, 86 NY2d 146, 155 [1995]). A finding is "totally irrational" only where there is "no proof whatsoever to justify the award." (*Peckerman v D&D Assoc.*, 165 AD2d 289, 296 [1st Dept 1991])

Crucially, hearing officers are afforded "broad discretion in determining witness credibility," and their determinations of credibility are "largely unreviewable" by a court. (*Lackow*, 51 AD3d at 568; *Stork Restaurant v Boland*, 282 NY 256, 267 [1940]). This is because the hearing officer personally observes the witnesses and can "perceive the inflections, the pauses, the glances and gestures—all the nuances of speech and manner that combine to perform an impression of either candor or deception." (*Stork*, 282 NY at 267). A court's role is not to "second-guess" the arbitrator's factual or legal determinations (*see Hackett*, 86 NY2d at 155). Petitioner bears the burden to prove that the decision was without a rational basis and shocks one's sense of fairness (*see Lackow*, 51AD3d at 567).

### Discussion
### I. The Award Was Final and Definite

Petitioner argues that HO Kwok's Award was not final and definite because it did not explicitly make a determination on Specification 2. Petitioner relies on Education Law § 3020-a(4)(a) and 8 NYCRR §82.3.8, which require "findings of fact on each charge" and "conclusions with regard to each charge" He cites *Johnson v. New York City Board of Education*, 2003 NYLJ LEXIS 120 (Sup. Ct., N.Y. Cty.), for the proposition that a "specific ruling on the issue" is required, and *Wolff & Munier, Inc. v. Diesel Constr. Co.*, 41 AD2d 618 [1st Dept 1973] regarding "imperfectly" disposed claims.

However, the record demonstrates that HO Kwok implicitly, yet definitively, addressed the core issues of Specification 2 throughout the Award. Specification 2 primarily revolved around Petitioner's alleged failure to implement directives and recommendations for pedagogical improvement. HO Kwok explicitly found that Petitioner "is open to remediation through instruction and development." This finding directly led to HO Kwok's decision not to impose the most severe penalty of termination, which the DOE had sought, and instead to impose a lesser penalty of a fine and remedial training. The Hearing Officer considered Petitioner's "receptiveness to professional development, and future prospects for remediation." By making a specific finding about Mr. Levine's capacity for remediation, which directly informed the penalty, HO Kwok effectively resolved the underlying issues of Specification 2, as they pertain to the petitioner's fitness to continue teaching.

An award is considered "final and definite" if it "clearly resolves the issues presented" in the specifications and "defines the future roles of the parties." (*Matter of Board of Educ. Of Westmoreland Cent. School Dist. v Westmoreland Teachers Association, Inc.*, 58 AD2d 228, 233-34 [4th Dept 1977]). An arbitrator is not required to specifically mention all of the particular issues he decided or set forth his findings with respect to each specification charged (*see Guetta v Raxon Fabrics Corp.*, 123 AD2d 40, 44 [1st Dept 1987}). Even if there was not an explicit finding as to all charges, the Award is not invalid given that HO Kwok resolved all

[* 3]

issues presented, imposed a final penalty and made rulings that definitely settle the matter rather than invite new controversies.

Furthermore, the petitioner did not challenge the Award within the 20-day statutory period provided by CPLR § 7509 to seek modification. This failure to seek modification greatly weakens Petitioner's claim that the award was imperfect.  The cases cited by the petitioner, *Johnson* and *Wolff & Munier*, are distinguishable. *Johnson* concerned a due process violation, which is a fundamental right not alleged to be violated in the same manner here. *Wolff & Munier* involved a financial dispute where the arbitrators failed to fix a payment schedule, causing ongoing controversies (*see Wolf & Munier*, 41 AD2d at 618)  Here, no such confusion or unresolved dispute exists.

**II. The Findings Were Rational and Supported by Evidence, Not Arbitrary and Capricious**

Petitioner contends that HO Kwok's findings were arbitrary and capricious, and lacked rational and evidentiary support. Petitioner argues that HO Kwok failed to consider evidence, relied on Principal Harrison's testimony despite alleged contradictions and her reliance on notes, and ignored evidence of a "toxic" school culture and petitioner's role as union chapter chair. Petitioner also claims a lack of adequate notice regarding his deficiencies beyond a Teacher Improvement Plan (TIP) issued when all teachers' ratings were lowered.

However, HO Kwok's 18-page Opinion and Award demonstrates a thorough and detailed  analysis of the evidence and arguments. The findings of guilt for Specifications 1(b), 1(c), and 1(d) were supported by testimony from Principal Harrison that the Hearing Officer found credible and consistent.  Petitioner's arguments regarding Principal Harrison's credibility and reliance on notes are attempts to have this Court reweigh evidence and credibility, which falls outside the limited scope of judicial review.   As established, HO Kwok's firsthand observation of witnesses means his credibility determinations are largely unreviewable.

HO Kwok specifically found that Petitioner was on notice of the deficiencies due to observations and meetings, that DOE's expectations were reasonable, and that the petitioner was provided with an opportunity to respond.  Furthermore, HO Kwok explicitly stated there was no evidence to indicate that administrators were not fair and objective  and  little evidence to suggest unequal or unfair treatment.  While Petitioner alleges a "toxic culture" and retaliatory motives due to his union role, HO Kwok considered these factors and weighed them in petitioner's favor resulting in a mitigation of the penalty from termination to a fine.  This demonstrates that these concerns were indeed taken into account, but did not negate the proven instances of pedagogical deficiencies.

The petitioner's claim that a lesson rated "effective" in some categories could not form the basis of a deficiency finding is also unpersuasive. HO Kwok found that this particular lesson also contained "developing" ratings in two categories, indicating areas of deficiency. The hearing officer properly based his overall assessment of incompetence on the totality of observations and performance over time, not a single snapshot in isolation.  Petitioner's arguments amount to mere disagreement with the Hearing Officer's factual findings and interpretation of the evidence, which is insufficient to meet the high burden for vacating a compulsory arbitration award. There

100647/2024   LEVINE, NEAL DAVID vs. NEW YORK CITY DEPARTMENT OF EDUCATION; AND                Page 4 of 7
DAVID C. BANKS, CHANCELLOR OF NEW YORK CITY DEPARTMENT OF EDUCATION
Motion No.  002

4 of 7

is no indication that HO Kwok's decision was without a rational basis or that he failed to accord due process.

### III. The Penalty Does Not Shock the Conscience

Finally, the petitioner argues that the penalty of a two-month salary fine (approximately $25,800.00) is "excessive" and "shocks the conscience," particularly given that it relates to only three 15-minute observations from several years ago, and that charges for subsequent years were not proven. Petitioner emphasizes that the purpose of Education Law § 3020-a is remediation, not punishment, and points to the absence of established guidelines for monetary fines, citing cases such as *Moreno-Lieberman v. City of N.Y.*, 38 Misc. 3d 981 (Sup. Ct., N.Y. Cty. 2012), and *Escudero v. N.Y.C. Dept. of Educ.*, 2017 NY Slip Op 52000(U) (Sup. Ct., N.Y. Cty. 2017).

The Court is sympathetic to the petitioner's argument that the lack of established guidelines for imposing monetary fines in Education Law § 3020-a hearings suggests that the penalty imposed could be excessive and shocking to the conscience. The core of this argument is disproportionality. Given that neither the Education Law , nor the Chancellor's Regulations, nor any other code fixes any standard or articulates any objective test or gauge to guide hearing officers in the exercise of their authority and discretion to assess monetary penalties, the imposition of a two-month salary fine, approximately $25,800.00, could appear arbitrary and disproportionate. This is even more highlighted by the fact that the fine was levied for deficiencies found only in three informal evaluations by a single school observer in a single school year. One of these observations was even rated effective by Principal Harrison.

The petitioner understandably and correctly highlights the calculation that this fine represents an extremely high penalty, based on the relatively minimal amount of hours of observed instruction that was found to be deficient. The argument is that fining Mr. Levine over $25,000 for three brief observations from several years ago, with no alleged deficiencies since, "shocks a reasonable person's conscience." Again, the Court is sympathetic to this argument but also recognizes that Hearing Officer Kwok considered all of these arguments and weighed them in the petitioner's favor when rejecting the DOE's recommendation that the petitioner be terminated. This was characterized as a very lenient decision and overwhelmingly in the petitioner's favor. Even if this Court were to disagree with that characterization, it would not be appropriate, given the limited scope of judicial review, to overturn the Award given that the petitioner's arguments were carefully considered and balanced against the arguments of the respondents. HO Kwok specifically found Mr. Levine open to remediation through instruction and development, weighing this as a mitigating factor against termination. Imposing a fine was certainly a reasonable and far more lenient alternative to termination. The fact that the fine might still be considered harsh and undoubtedly imposed serious consequences on the petitioner is not enough to find it shocking to the conscience, unless it is obviously disproportionate to the misconduct and in contravention of the public interest and/or public policy. (*see Bolt v New York City Dept. of Educ.*, 30 NY3d 1065, 1071-72 [2018]).

The cases cited by the petitioner are certainly compelling in their argument that the absence of established guidelines for monetary fines can lead to hearing officers having too much unfettered discretion and increase the danger of arbitrary decision making in the

**100647/2024   LEVINE, NEAL DAVID vs. NEW YORK CITY DEPARTMENT OF EDUCATION; AND**          **Page 5 of 7**
**DAVID C. BANKS, CHANCELLOR OF NEW YORK CITY DEPARTMENT OF EDUCATION**
**Motion No.  002**

[* 5]

5 of 7

imposition of penalties. (*see e.g. Moreno-Lieberman*, 38 Misc3d at 986-87). However, it is critical to note that these cases predate the Court of Appeals decision in *Bolt*, which reinforces the limited nature of judicial review and seemingly precludes the type of second guessing that the petitioner seeks (*see Bolt*, 30 NY3d at 1069 ["That reasonable minds might disagree over what the proper penalty should have been does not provide a basis for vacating the arbitral award or refashioning the penalty."]; *see also Matter of Denicolo v Bd. Of Educ. Of the City of N.Y. and/or N.Y. City Dept. of Educ.*, 171 AD3d 565 [1st Dept 2019].

Perhaps the solution to this issue may lie either in the Court of Appeals or in the Legislature. In this case, the Court is satisfied that the Hearing Officer carefully considered all relevant factors, including the petitioner's reasonable expectation of remediation, which was a key factor in his decision not to terminate. Indeed, the petitioner does not really dispute that had he shown resistance to remediation, termination would have been a reasonable outcome despite the otherwise limited temporal scope of his deficiencies. Given that termination was a potential outcome and is regularly upheld, a two-month salary deduction, while impactful, does not rise to the level of shocking. The amount of the fine for Mr. Levine's proven incompetence, which involved multiple observations over a school year, is not arbitrary or irrational in the context of the charges and the alternative of termination. While the petitioner's calculation of the fine per hour of observed instruction may highlight its severity, it does not legally render the penalty unconscionable. The cases cited by the petitioner regarding arbitrary fines often concern situations where the fines lacked any discernible basis, which is not the case here where the Hearing Officer clearly weighed the facts of proven incompetence against the potential for remediation.

It is the hearing officer's role, not the Court's, to determine the appropriate penalty given his greater familiarity with the circumstances of the charges. HO Kwok dedicated two pages of his Award to discussing the penalty, citing prior arbitral decisions. The Court will not substitute its judgment for that of the Hearing Officer where there is a rational basis for his determination.

Petitioner has failed to establish any of the statutory grounds for vacating a compulsory arbitration award. HO Kwok's Award was rational, supported by adequate evidence, and properly within his authority. The Award effectively addressed all submitted issues, and the penalty imposed, a two-month salary fine and remedial training, was a reasoned determination that does not shock the conscience, especially when compared to the DOE's requested penalty of termination. Petitioner's arguments amount to an impermissible request for this Court to reweigh evidence and substitute its judgment for that of the Hearing Officer.

Accordingly, it is hereby:

**ORDERED** that the Verified Amended Petition of Neal David Levine to vacate the Hearing Officer's Award is denied and dismissed in its entirety; and it is further

**ORDERED** that the Cross-Motion of Respondents New York City Department of Education and David C. Banks to confirm the Award of Hearing Officer Chris M. Kwok, dated May 31, 2024, is granted; and it is further

100647/2024   LEVINE, NEAL DAVID vs. NEW YORK CITY DEPARTMENT OF EDUCATION; AND          Page 6 of 7
DAVID C. BANKS, CHANCELLOR OF NEW YORK CITY DEPARTMENT OF EDUCATION
Motion No.  002

6 of 7

[* 6]

**ORDERED** that the Hearing Officer's Award, dated May 31, 2024, is confirmed in all respects; and it is further

**ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

This constitutes the decision and order of the Court.

20250703161500NMOYNE8FB7A1CF4A7540F79545531AE8B987A4

**7/3/2025**
**DATE**

**NICHOLAS W. MOYNE, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**100647/2024   LEVINE, NEAL DAVID vs. NEW YORK CITY DEPARTMENT OF EDUCATION; AND DAVID C. BANKS, CHANCELLOR OF NEW YORK CITY DEPARTMENT OF EDUCATION**
**Motion No.  002**

Page 7 of 7

[* 7]